**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0036-20

SHAN-MAR, INC.,

    Plaintiff-Appellant,

v.

THERESA DIANE MITCHELL,

    Defendant-Respondent.

_____

Submitted March 14, 2022 – Decided March 25, 2022

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1233-18.

Kendall S. Murphy, attorney for appellant.

Freidel & Kramer, PC, attorneys for respondent (Talbot B. Kramer Jr., on the brief).

PER CURIAM

    Plaintiff Shan-Mar, Inc. (Shan-Mar) appeals from a July 20, 2020 order

granting summary judgment to defendant Theresa Diane Mitchell and

dismissing its complaint based on the entire controversy doctrine.  Plaintiff also appeals from an August 17, 2020 order awarding attorney's fees and costs under Rule 1:4-8 and directing Mark Molz[1] to reimburse defendant in the amount of $16,426.25.  We affirm both orders.

The parties are familiar with the facts relevant to this appeal based on their prior divorce litigation.  In January 2018, Molz and defendant were granted a final judgment of divorce (FJOD).  In the equitable distribution portion of the FJOD, the family part judge determined a sailboat and boat slip held in the name of Shan-Mar were marital property and ordered the boat and slip to be sold.

Molz refused to cooperate regarding the sale of the boat and slip under the terms of the FJOD and defendant moved to enforce its terms.  The family part judge held Molz in contempt of court and granted defendant a limited power of attorney to execute documents necessary to sell all property subject to equitable distribution, including the boat and slip.

In March 2019, defendant entered into a purchase agreement to sell the sailboat, signing the document as "Theresa Mitchell, POA Mark Molz."

---

[1]  Mark Molz is a licensed New Jersey attorney and represented Shan-Mar prior to current counsel filing a substitution of attorney to represent the corporate entity.  Additionally, Molz served as a corporate officer of Shan-Mar prior to the FJOD.

A-0036-20

Defendant also obtained a duplicate title to the boat using the court-ordered limited power of attorney.

Molz appealed the FJOD and order authorizing defendant to sell assets as part of the equitable distribution award. On appeal, Molz argued the family part judge abused her discretion in allowing defendant to share corporately owned assets that should have been excluded from consideration as marital property subject to equitable distribution. He also claimed Shan-Mar was never a party to the divorce action and it was deprived of due process when the family part judge ordered the boat and slip to be sold. We affirmed the FJOD in its entirety and the order enforcing the equitable distribution award. Molz v. Molz, No. A-2888-17 (App. Div. May 1, 2020). In affirming, we noted business assets, such as Shan-Mar's boat and slip, were subject to equitable distribution and the family part judge correctly included the boat and slip as part of the division of marital property in the FJOD. The New Jersey Supreme Court denied Molz's petition for certification. Molz v. Molz, 244 N.J. 163 (2020).

Dissatisfied with the family part judge's FJOD and this court's affirmance of the FJOD, including the equitable distribution award, Molz filed a complaint on behalf of Shan-Mar in the Law Division in Ocean County.[2] Shan-Mar sought

---

[2] Venue for the divorce action was Mercer County.

A-0036-20

to set aside the sale of the boat and slip because the corporation was not a party to the divorce action.

In its 2018 complaint, Shan-Mar asserted Molz and defendant formed the corporation in 2002 for the purpose of owning a sailboat and boat slip. In forming the corporation, Molz and defendant intended to gift to their daughters, Shannon and Marisa, the sailboat and slip as part of the annual maximum gift amount allowed by law. Shan-Mar's shareholders at the time it filed the complaint were Shannon and Marisa Molz. Marisa Molz is Shan-Mar's sole corporate officer.

Ten months after Shan-Mar filed its complaint, defendant moved for summary judgment, arguing Shan-Mar's claims were previously litigated in the divorce action and resolved in the FJOD. Shan-Mar opposed defendant's motion and filed a cross motion for partial summary judgment and other relief.

In a comprehensive oral decision placed on the record on June 19, 2020, Judge Robert E. Brenner granted defendant's motion for summary judgment and denied Shan-Mar's motions. Judge Brenner meticulously stated his factual findings after thoroughly reviewing the summary judgment record. The judge concluded Shan-Mar's claims were barred by the entire controversy doctrine. Judge Brenner expressly found Molz's arguments raised before the family part

4

judge in the divorce action, asserting the sailboat and slip were not marital assets subject to equitable distribution, were identical to Shan-Mar's arguments in the Law Division action.

The judge rejected Shan-Mar's argument the entire controversy doctrine was inapplicable because the corporation was not a party to the divorce action. As the judge explained, "[t]he factual circumstances which give rise to Shan[-]Mar's allegations in the amended complaint all arise from the issues which have previously been considered and disposed of in the divorce action and affirmed by the Appellate Division."  Judge Brenner stated, "the arguments proffered by Shan[-]Mar were previously made and rejected in the divorce action . . . and affirmed on appeal."  The judge concluded Shan-Mar's action was

> a textbook example of a party seeking a second bite of the apple by reframing issues that were lost in a different forum.  Mr. Molz had every opportunity to join Shan-Mar . . . in the divorce action if he felt that was necessary and . . . chose not to do so.  His failure to do so now bars this matter pursuant to the entire controversy doctrine.

Judge Brenner's detailed and thorough oral decision was memorialized in a July 20, 2020 order.

After prevailing on her summary judgment motion, defendant filed a motion for counsel fees under Rule 1:4-8.  The motion judge deemed Shan-Mar's

5

claims "frivolous," without basis in law or in fact, and "completely untenable." In an August 17, 2020 order, the judge required Molz to reimburse defendant $16,025 in counsel fees and $401.25 in expenses.

On appeal, Shan-Mar argues the entire controversy doctrine did not bar its claims and summary judgment was premature because discovery was incomplete. Shan-Mar further claims the motion judge's dismissal of the complaint violated its right to due process. Shan-Mar also asserts its Law Division claims were filed in good faith and, therefore, the judge erred in awarding counsel fees to defendant.

We disagree and affirm for the thoughtful and well-reasoned oral decisions rendered by Judge Brenner. We add only the following comments.

The entire controversy doctrine, codified in Rule 4:30A, requires the parties to an action raise all transactionally-related claims in that action. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2022). The doctrine requires parties in an action to raise all transactionally related claims against each other. Bank Leumi U.S.A. v. Kloss, 243 N.J. 218, 227 (2020).

"Underlying the [e]ntire [c]ontroversy [d]octrine are the twin goals of ensuring fairness to parties and achieving economy of judicial resources." Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 443 (2011). The

doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). The goals of the entire controversy doctrine include "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." Ibid. (quoting DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)).

"In determining whether a subsequent claim should be barred under [the entire controversy] doctrine - 'the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions.'" Ibid. (quoting DiTrolio, 142 N.J. at 267). In applying the doctrine, fairness and a reasonable opportunity to litigate must be accorded to the party whose claim is sought to be barred. Gelber v. Zito P'ship, 147 N.J. 561, 565 (1997).

A-0036-20

"The entire controversy doctrine 'seeks to impel litigants to consolidate their claims arising from a single controversy whenever possible.'" Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 98 (2019) (quoting Thornton v. Potamkin Chevrolet, 94 N.J. 1, 5 (1983)). "The doctrine serves 'to encourage complete and final dispositions through the avoidance of piecemeal decisions and to promote judicial efficiency and the reduction of delay.'"  Ibid. (quoting Wadeer, 220 N.J. at 610).

Having reviewed the record, Judge Brenner appropriately applied the entire controversy doctrine to bar Shan-Mar's claims.  Shan-Mar's Law Division claims were directly related to the disposition of its property, specifically the sailboat and boat slip.  In the divorce action, Molz raised the very same argument asserted by Shan-Mar in the Law Division matter.  The family part judge determined the sailboat and slip were marital property and we affirmed that determination on appeal.

Nothing in the entire controversy doctrine required Shan-Mar to be named as a party in the divorce action for the family part judge to dispose of its assets acquired during the marriage.  While Shan-Mar could have been named as a party in the divorce action, Molz elected not to do so.  The sailboat and slip were assets acquired during the marriage and thus subject to equitable distribution

despite their corporate ownership as determined by the family part judge and affirmed by this court. Shan-Mar's claims have been litigated and resolved previously by two courts and are barred by the entire controversy doctrine.

To the extent we have not addressed Shan-Mar's remaining arguments, we determine the arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0036-20